UNITED STATES of America

v.

Orlando HART.

Crim. A. No. 81–19–1.

United States District Court,
E. D. Pennsylvania.

April 7, 1981.

Elizabeth K. Ainsley, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Richard A. Sprague, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

■ The defendant Orlando Hart has moved to dismiss the indictment against him based upon his attorney's general knowledge of grand jury procedure in the Eastern District of Pennsylvania, which he would support with discovery of grand jury transcripts pertinent to this particular case. He contends that the grand jury that indicted him received inadequate and misleading instructions if the general practice in this district was followed. If the defendant's motion has merit, that is, if it shows that "grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury," then defendant would be entitled to disclosure of the grand jury material which he seeks in his discovery motion. *See* Rule 6(e)(3)(C) of Federal Rules of Criminal Procedure. For reasons stated below, I conclude that defendant's motion to dismiss and his related discovery requests lack merit.

■ The general rule is that matters occurring before a grand jury are secret. Rule 6(e) of the Federal Rules of Criminal Procedure. Further, once a grand jury returns a "true bill" generally no independent inquiry may be made to determine the kind of evidence it considered in determining that probable cause existed. *See United States v. Basurto*, 497 F.2d 781, 785 (9th Cir. 1974); *United States v. Shober*, 489 F.Supp. 393, 412 (E.D.Pa.1979). This is so because, in the words of the United States Supreme Court:

> [i]f indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amend-

ment. An indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.

*Costello v. United States*, 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956) (footnote omitted). Occasionally, inquiry is permitted and disclosure ordered relating to grand jury matters but only when the movant has made a showing of particularized need. *Smith v. United States*, 423 U.S. 1303, 1304, 96 S.Ct. 2, 3, 46 L.Ed.2d 9 (1975); *United States v. Shober*, 489 F.Supp. at 412; 8 Moore's Federal Practice ¶ 6.05, at 6–74 (1980).

■ In this case the defendant does not challenge the sufficiency of the evidence which led to the grand jury to find probable cause. Instead, he contends that they made this finding without the benefit of instructions and definitions of the terms they were applying. The general rule that an indictment will not be the subject of independent scrutiny and is given a presumption of regularity is just as applicable to a challenge of inadequate instructions as inadequate evidence. Thus, mere speculation of irregularity is not enough to entitle the defendant to disclosure of grand jury material. *United States v. Budzanoski*, 462 F.2d 443 (3d Cir.), *cert. denied*, 409 U.S. 949, 93 S.Ct. 271, 34 L.Ed.2d 220 (1972). Because the defendant is challenging what he concedes is the general practice in this district, he is in effect asking for a rule requiring disclosure of the instructions given the grand jury in every case.

The defendant has not raised a doubt as to the regularity of the grand jury proceedings that I would need to consider whether to release grand jury transcripts to him. He readily concedes that evidence was presented to the grand jury, that they had the benefit of the Grand Jury Handbook definitions of probable cause and other terms,[1] and, at the least, that the prosecu-

---

1. The Grand Jury Handbook defines terms such as accused, charge to the grand jury, delibera-

tions, evidence, indictment, no bill, probable cause and petit jury. *See United States v.*

tion read to the grand jury the statutory sections under which they were being asked to indict the defendant. The defendant continues thereafter with allegations which are nothing more than mere conjecture. The defendant speculates that the impaneling judge and the prosecutor never instructed the grand jury on determining credibility, nor expounded upon the essential elements of the crimes alleged to have been committed by the defendant. Because of these alleged improprieties the defendant seeks a dismissal of the indictment.

 These speculative allegations stand in stark contrast to the twenty page indictment returned by the grand jury. The defendant has stated the essential elements of the crime charged to be (1) a scheme to defraud, (2) use of the mails, and (3) a specific intent on the part of the particular defendant to defraud. Defendant Hart's motion to dismiss the indictment on the grounds of misleading and inadequate instructions to the grand jury, at 6, *quoting United States v. Interstate Engineering Corp.*, 288 F.Supp. 402, 418 (D.N.H.1967), *aff'd*, 400 F.2d 58 (1st Cir. 1968), *cert. denied*, 393 U.S. 1036, 89 S.Ct. 654, 21 L.Ed.2d 581 (1969). None of the three elements involves concepts that are difficult to understand. In the indictment that they returned the grand jury charged that each was present in this case. For example, in count I ¶ 1 of the indictment with respect to defendants Hart, Stancill, and Harrison the grand jury charged that they "did devise and INTEND to devise a SCHEME and artifice TO DEFRAUD . . . various insurance companies. (emphasis added) Paragraph 2 alleges that as a part of this scheme the defendants made representations which "they knew were false when

made." Paragraph 3 of count 1 charges that defendant Hart, for the purpose of carrying out the scheme, "KNOWINGLY AND WILLINGLY caused to be placed in an authorized DEPOSITORY FOR MAIL" matter relating to the scheme. The fact that the indictment contains references to each of the elements of the crime charged raises an inference that the grand jury was aware of what elements had to be present before they could return a true bill. Thus, the indictment itself reenforces the general presumption of regularity.

The defendant is not alleging that his right to an informed and unbiased grand jury was infringed upon by the government. Neither is he alleging misconduct before the grand jury like that in *United States v. Serubo*, 604 F.2d 807, (3d Cir. 1979). Accordingly, his motion will be denied.

*Shober*, 489 F.Supp. at 407. The handbook says this concerning probable cause: "A finding of probable cause is proper only when the evidence before them, without any explanation being offered by the defendant, persuades 12 or more grand jurors that a federal crime has probably been committed by the person accused." Without knowing how the impaneling judge charged the grand jury, the defendant contends that this definition of probable cause is inadequate. Although it is generally not good form to use a derivative of the word you are defining in a definition, where as here the legal and common usages are so close it is not error to do so. In common usage it is accepted that something can be possible and likely without being probable. Webster's Third New International Dictionary 1806 (Unabridged ed. 1966). Similarly, in the law, probable means not that something is likely but that it is more likely than not. Consequently, I am satisfied that from the above-quoted material the grand jurors had an appreciation of the term probable cause adequate for the performance of their duty.